Case 1:20-cv-05198-RA   Document 1   Filed 07/07/20   Page 1 of 7

LENNON, MURPHY & PHILLIPS LLC
Attorneys for Plaintiff
SEAWOLF TANKERS INC.
Patrick F. Lennon (PL 2162)
Kevin J. Lennon (KL 5072)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY  10170
Tel.    (212) 490-6050
Fax:    (212) 490-6070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SEAWOLF TANKERS INC.,                       :
                                            :
           Plaintiff,                       :         **ECF CASE**
                                            :
   - against -                              :
                                            :
LAUREL SHIPPING LLC,                        :
                                            :
           Defendant.                       :
-------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, SEAWOLF TANKERS INC. (hereinafter referred to as "Seawolf" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Phillips, LLC, as and for its Verified Complaint against the Defendant, LAUREL SHIPPING LLC (hereinafter referred to as "Laurel" or Defendant) alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.  Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and also this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff Seawolf was, and still is, a foreign company duly organized and operating pursuant to Marshall Islands law.

3. Upon information and belief, Defendant Laurel was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a place of business 58 Commerce Road, Stamford, Connecticut 06902.

4. By a charter party dated November 20, 2019 (hereinafter "Charter Party"), Seawolf, as Disponent Owner, chartered the M/T RIDGEBURY PROGRESS (hereinafter "Vessel") to Laurel, as Voyage Charterer.

5. The charter party contemplated carriage of a cargo in Laurel's "OPTION TO COMPLETE UP TO FULL CARGO CRUDE AND/OR DIRTY PETROLEUM PRODUCTS EXCUDING CBFS, VGO, LSWR, ORM, ASPHALT, ASPHALT RESIDUE," with a loading range stated as follows:

> 1 TO 2 PORT(S) / STS USG AND/OR
> 1 TO 2 PORT(S) / STS BAHAMAS
> 1 TO 2 PORT(S) / STS CARIBS EXCL C/O/H INCLUDING ATLANTIC COLOMBIA BUT ALWAYS EXCLUDING VENEZUELA,

and a discharging range stated as follows:

> 1 TO 3 PORT(S) / STS LOCATION(S) WCI OR RANGE
> 1 TO 3 PORT(S) / STS LOCATION(S) SPORE – JAPAN RANGE,

and various Freight Rates depending on the Voyage Charter's declared loading and discharge locations including $8,650,0000 Lump Sum for USG-BAH-CARIB LOCATIONS IF DISCH CENTRAL CHINA UP TO AND INCL. NINGBO/ZHOUSHAN.

6. Laurel was responsible under the charter party for all port costs incurred by Seawolf in the performance of the voyage.

7. Laurel instructed Seawolf to have the Vessel proceed to load permitted cargo under the charter party at St. Croix, USVI and Freeport, Bahamas and discharge the cargo at Tanjung Pelepas, Huizhou, China.

8. Seawolf complied with Laurel's instructions and duly loaded, carried and discharged Laurel's cargo and while performed all obligations under the Charter Party, including Laurel's instructed deviation from the intended voyage which incurred additional charges for Laurel's account.

9. On or about May 8, 2020, Seawolf issued a Deviation Invoice to Laurel in the amount of **$1,406,153.55** for the approximate twenty (20) days of vessel laytime, plus fuel consumed, while complying with Laurel's instructions for deviation at the loadport and while at sea and underway to the declared discharge port. A true and correct copy of Seawolf's Deviation Invoice is attached hereto as Exhibit A.

10. Despite due demand, Laurel has failed and refused to pay the Deviation Invoice.

11. On or about May 8, 2020, Seawolf issued an Interim Port Costs Invoice to Laurel in the amount of **$233,333.77** for the costs incurred at the load port in Freeport, Bahamas. A true and correct copy of Seawolf's Interim Port Costs Invoice is attached hereto as Exhibit B.

12. Despite due demand, Laurel has failed and refused to pay the port costs invoice.

13. On or about May 11, 2020, Seawolf issued a Freight Invoice to Laurel in the amount of **$8,433,750.00** for the lumpsum freight due under the charter party. A true and correct copy of Seawolf's Freight Invoice is attached hereto as Exhibit C.

14. Despite due demand, Laurel has failed and refused to pay the Freight Invoice.

15. On or about June 17, 2020, Seawolf issued a Deviation & Interim Port Invoice to Laurel in the amount of **$2,781,120.06** for deviation expenses and fuel costs incurred in complying with Laurel's deviation instructions. A true and correct copy of Seawolf's Deviation & Interim Port Invoice is attached hereto as Exhibit D.

16. Despite due demand, Laurel has failed and refused to pay the Deviation & Interim Port Invoice.

17. Laurel's failures to pay the amounts due under the aforesaid invoices each constitutes a separate breach of the Charter Party, as a result of which Seawolf has suffered damages in the total principal amount of **$12,854,357.39**, exclusive of interest, costs and attorneys' fees.

18. The Charter Party is governed by U.S. law and for resolution of disputes arising thereunder to be submitted to the exclusive jurisdiction of the courts situated in the City of New York.

19. The Defendant Laurel cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant Laurel has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees which are believed to be due and owing to the Defendant.

20. The Plaintiff Seawolf seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching, *inter alia*, any assets of the Defendant Laurel held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant Laurel, and to secure the Plaintiff Seawolf's claim as described above.

**WHEREFORE**, Plaintiff Seawolf prays:

A.  That be awarded judgment against Defendant Laurel in the principal sum of **$12,854,357.38**;

B.  That process in due form of law issue against the Defendant Laurel citing it to appear and answer under oath all and singular the matters alleged in this Verified Complaint, failing which default judgment be entered against it in the sum of $12,854,357.38;

C.  That since the Defendant Laurel cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$12,854,357.38** belonging to, due or being transferred to, from, or for the benefit of the Defendant Laurel, including, but not limited to, such property as may be held, received or transferred in Defendant Laurel's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff Seawolf its reasonable attorneys' fees and costs incurred in this action; and

F. That the Plaintiff Seawolf be granted such other, further and different relief as the Court may deem just and proper under the circumstances.

Dated: July 7, 2020

        The Plaintiff,
        SEAWOLF TANKERS INC.

By:_____
 Patrick F. Lennon (PL 2162)
 Kevin J. Lennon (KL 5072)
 LENNON, MURPHY & PHILLIPS, LLC
 The Gray Bar Building
 420 Lexington Avenue, Suite 300
 New York, NY 10170
 Tel: (212) 490-6050
 Fax: (212) 490-6070
 Email: plennon@lmplaw.net
     klennon@lmplaw.net

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )   ss.:   Town of Westport
County of Fairfield  )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Phillips, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     July 7, 2020

_____
Patrick F. Lennon