UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEAWOLF TANKERS INC.,                :     Case No. 20-cv-5198 (RA)(SDA)
                                     :
                  Plaintiff,         :     ECF CASE
                                     :
    - against -                      :
                                     :
LAUREL SHIPPING LLC,                 :
                                     :
                  Defendant.         :
------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR EX PARTE ORDER AUTHORIZING MARITIME ATTACHMENT AND GARNISHMENT AND FOR SERVICE OF PROCESS

The Plaintiff, SEAWOLF TANKERS INC. (hereinafter "Plaintiff"), by and through its undersigned counsel, LENNON, MURPHY & PHILLIPS, LLC, hereby submits the within Memorandum of Law in support of its Request for Order Authorizing Maritime Attachment and Garnishment and for Service of Process pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule B") as set forth in its Verified Complaint dated July 7, 2020.

Plaintiff has alleged a *prima facie* maritime claim against the Defendant and has satisfied the requirements of Supplemental Rule B in all other respects. Specifically, Plaintiff's Verified Complaint alleges a valid prima facie maritime claim against Defendant LAUREL SHIPPING LLC (hereinafter "Defendant") for breach of a maritime contract of charter based on its failure to remit payment to Plaintiff for freight, deviation and other costs incurred and which are due and owing from the Defendant. *See Verified Complaint (Doc. No. 1) at ¶¶ 9-15, Exhibits A-D*. Furthermore, Defendant is a foreign company which cannot be "found" within the Southern District of New York, Defendant has, or will have property in the District, during the pendency

of this action, and there is no statutory bar to the attachment. *See Affidavit in Support of Prayer for Maritime Attachment.*

Supplemental Rule B provides that the Court may, on the filing of a verified complaint, order that process of attachment issue. An attachment will only issue, however, when the plaintiff has a maritime claim and the defendant is not "present in the district." See *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434 (2d Cir. 2006). As explained herein, the Ex Parte Order should issue pursuant to Supplemental Rule B.

A. <u>Prima Facie Valid Maritime Claim</u>

There is no doubt that Plaintiff has several *prima facie* valid maritime claims arising under U.S. law against the defendant for breach of maritime contract. *See Verified Complaint (Doc. No. 1) at ¶¶ 9-15, 18.* A breach of a maritime contract is unquestionable a *prima facie* valid maritime claim under Supplemental Rule B. See *Budisukma Permai SDN BHD v. N.M.K. Prods.*, 606 F. Supp. 2d 391, 396 (S.D.N.Y. 2009)

B. <u>Presence within the District</u>

The two-part test for whether a defendant may be "found" within the district was established in *Seawind Compania S.A. v. Crescent Line*, 323 F.2d 580 (2d Cir. 1963). Under *Seawind's* two-part test, the defendant must first be capable of being served in the district. In addition, the defendant must actually be doing business in the district with sufficient regularity so that it is subject to *in personam* jurisdiction in that district. Being "found within the district" for jurisdictional purposes requires that the defendant "be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." *Seawind, supra*, 320 F.3d at 583. "[A] defendant corporation is found within [the] jurisdiction of a federal district court if in the recent past it has conducted substantial

commercial activities in the district and will probably continue to do so in the future." *Bay Casino, LLC v. MN Royal Empress*, 20 F. Supp.2d 440 (S.D.N.Y. 1998). Laurel is not present within the District under either of these tests and there is no evidence that Laurel has an office, business operations or an agent for service of process in this District. *See Affidavit in Support of Prayer for Maritime Attachment.*

      C.     <u>The Convenient Adjacent District Issue</u>

There is authority that an attachment should not issue in one district if the defendant is present in a second "convenient adjacent district" in the same state. The reasoning behind this is that the plaintiff may simply sue the defendant in that nearby district where the defendant is present. As the Court of Appeals explained in *Aqua Stoli, supra*, citing *Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.*, 476 F. Supp. 119 (S.D.N.Y. 1979):

> Because an attachment may issue any time the defendant is absent from the district, rather than the state, *cf.* Fed. R. Civ. P. 4(e), an attachment order would be proper under Rule B in one district even though a normal *in personam* suit could be maintained in another district within the state. For example, a clever plaintiff might seek to attach assets in the Eastern District of a party who could be "found" in the Southern District but not in the Eastern District. Noting the unfairness of such an attachment - the use of the exceptional remedy of maritime attachment when normal civil proceedings were readily available - the district court explained that courts have inherent authority to vacate such attachments.

*Aqua Stoli*, 460 F.3d at 442.

Importantly, the convenient adjacent district rule has been construed on at least one occasion to not bar issuance of an attachment in this District where the defendant was "present" in Connecticut. *See First Am. Bulk Carrier Corp. v. Van Ommeren Shipping (USA) LLC*, 540 F. Supp. 2d 483, 485 (S.D.N.Y. 2008) (adjacent district is generally viewed as one of another federal district court in the same state)[1]. The rule assumes that, unlike here, there is no pending

---

[1] *Cf., Emerald Equip. Leasing, Inc. v. Sea Star Line, LLC*, 2009 U.S. Dist. LEXIS 37623, *6 (S.D.N.Y. 2009) (Supplemental Rule B attachment denied finding that New Jersey was a convenient adjacent jurisdiction); and *Swiss*

3

action in which recovery is being sought pursuant to an agreed upon forum selection clause in the parties' underlying contract. Also, the "convenient adjacent district" rule premised on a somewhat peculiar basis that a defendant may be located within a single state, but is not "present" within a particular "district" in that same state in which it is "present." In such cases, courts have been willing to ignore this and rule that an attachment may not be sought in an adjacent district <u>in the same state</u> on the basis of a lack of presence in a particular district within that same state. Furthermore, rule is also founded upon a basis that defendant can readily be sued, *in personam*, in the convenient adjacent district. Here, that is not the case, since the aforementioned forum selection clause mandates that all disputes be resolved in the federal district courts situated in New York, and not Connecticut.

The convenient adjacent district rule should not bar an attachment against the defendant because of the existing pending action which is the required forum in which all disputes arising under the charter party are to be resolved. The parties should not (and frankly cannot) be forced to go to an adjacent district for resolution of such disputes. Second, the defendant is "present" not in an adjacent district <u>within the state</u>, but in an entirely different jurisdiction – the District of Connecticut. Third, the premise of the rule is the defendant may readily be sued, *in personam*, in the convenient adjacent district. But once again such a suit should not (and cannot) happen here because there already is a suit filed against defendant in this district as required under the parties' contract. Hence, the "convenient adjacent district rule" should not act to prevent Plaintiff from obtaining an attachment against the defendant since all aspects of Supplemental Rule B have been shown to exist.

---

*Marine Services S.A. v. Louis Dreyfus Energy Services L.P.*, 598 F. Supp. 2d 414, 419 (S.D.N.Y. 2008) Supplemental Rule B attachment denied finding that Connecticut was a convenient adjacent jurisdiction).

## Conclusion

The Defendant cannot be found within this District pursuant to Supplemental Rule B, and this Court should therefore issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Defendant's tangible or intangible property or any other funds held by non-party garnishee JP Morgan Chase Bank N.A.[2], and on behalf of Defendant, up to the amount stated in the Verified Complaint to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint.

Dated: July 13, 2020

Respectfully submitted,

By: _____
Patrick F. Lennon      (PL 2162)
Kevin J. Lennon        (KL 5072)
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 490-6050
Facsimile: (212) 490-6070
E-mail: pfl@lmplaw.net
Email: kjl@lmplaw.net

---

[2] *See Lennon Affidavit, Exhibit 1.*