345-20/PJG/YA
**FREEHILL HOGAN & MAHAR LLP**
*Attorneys for Defendant and Counterclaimant*
*Laurel Shipping LLC*
80 Pine Street, 25th Floor
New York, New York 10005-1759
(T): 212.425.1900 | (F): 212.425.1901
Peter J. Gutowski
Yaakov U. Adler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAWOLF TANKERS INC.<br><br>        Plaintiff,<br><br> -against-<br><br>LAUREL SHIPPING LLC<br><br>        Defendant. | **Civil Action No.: 20-cv-5198 (RA)**<br><br>**VERIFIED ANSWER**<br>**WITH COUNTERCLAIM** |

Defendant, LAUREL SHIPPING LLC ("Laurel"), by its attorneys, Freehill Hogan & Mahar LLP, as and for its Verified Answer with Counterclaim to the Verified Complaint filed by Plaintiff, SEAWOLF TANKERS INC. ("Seawolf"), alleges, upon information and belief, as follows:

1.  Laurel admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC § 1333. Except as so specifically admitted, Laurel denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 1 of the Verified Complaint.

2.  Laurel denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Verified Complaint.

3. Laurel is a duly organized and existing domestic Delaware limited liability company with an office and place of business at the address stated, but except as so admitted, denies the remaining allegations set forth in Paragraph 3 of the Verified Complaint.

4. Laurel admits the allegations set forth in Paragraph 4 of the Verified Complaint.

5. Laurel admits that the Charter Party terms and conditions frame the duties and obligations of the parties, which terms and conditions speak for themselves, and except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations set forth in Paragraph 5 of the Verified Complaint.

6. Laurel admits that the Charter Party terms and conditions frame the duties and obligations of the parties, which terms and conditions speak for themselves, and except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations set forth in Paragraph 6 of the Verified Complaint.

7. Laurel admits that it instructed Seawolf to load cargo at St. Croix, USVI and Freeport, Bahamas, and that following a series of breaches and delays resulting from the unseaworthiness of the vessel (which resulted in a disruption of the cargo delivery schedule), cargo was discharged in China, but except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 7 of the Verified Complaint.

8. Laurel admits that cargo was loaded in accordance with its instructions, but denies the remaining allegations set forth in Paragraph 8 of the Verified Complaint.

9. Laurel admits that on or about May 8, 2020, Seawolf issued a Deviation Invoice to Laurel, but denies that any amounts are due as any such deviation was necessitated by Seawolf's breaches and thus no compensation is due, and the breaches by Seawolf caused

damages to Laurel which will offset and/or exceed any claim for sums allegedly due in any event, and except as so admitted, denies the remaining allegations set forth in Paragraph 9 of the Verified Complaint.

10. Laurel admits demand and non-payment, said charges not being due as set forth in Paragraph 9, above, and except as so admitted, denies the remaining allegations set forth in Paragraph 10 of the Verified Complaint.

11. Laurel admits that on or about May 8, 2020, Seawolf issued an Interim Port Costs Invoice to Laurel, but denies that any amounts are due as the breaches by Seawolf caused damages to Laurel which will offset and/or exceed any claim for sums due, and except as so admitted, denies the remaining allegations set forth in Paragraph 11 of the Verified Complaint.

12. Laurel admits demand and non-payment, said charges not being due as set forth in Paragraph 11, above, and except as so admitted, denies the remaining allegations set forth in Paragraph 12 of the Verified Complaint.

13. Laurel admits that on or about May 11, 2020, Seawolf issued a Freight Invoice, but denies that any amounts are due as the breaches by Seawolf nullify any freight obligation, and the damages to Laurel as a consequence of the Seawolf breaches will offset and/or exceed any claim for sums allegedly due in any event, and except as so admitted, denies the remaining allegations set forth in Paragraph 13 of the Verified Complaint.

14. Laurel admits demand and non-payment, said charges not being due as set forth in Paragraph 13, above, and except as so admitted, denies the remaining allegations set forth in Paragraph 14 of the Verified Complaint.

15. Laurel admits that that on or about June 17, 2020, Seawolf issued a Deviation & Interim Port Invoice to Laurel, but denies that any amounts are due as any such deviation and

531111.1

port costs were necessitated by Seawolf's breaches and thus no compensation is due, and the breaches by Seawolf caused damages to Laurel which will offset and/or exceed any claim for sums allegedly due in any event, and except as so admitted, denies the remaining allegations set forth in Paragraph 15 of the Verified Complaint.

16. Laurel admits demand and non-payment, said charges not being due as set forth in Paragraph 15, above, and except as so admitted, denies the remaining allegations set forth in Paragraph 16 of the Verified Complaint.

17. Laurel denies the allegations set forth in Paragraph 17 of the Verified Complaint.

18. Laurel admits that the Charter Party is governed by U.S. law and provides for resolution in litigation in New York, and except as so admitted, denies the remaining allegations set forth in Paragraph 18 of the Verified Complaint.

19. The allegations set forth in Paragraph 19 of the Verified Complaint contain legal conclusions as to which no response is required. To the extent a response is deemed required, the allegations are denied.

20. The allegations set forth in Paragraph 20 of the Verified Complaint contain an application for relief to which no response is required. To the extent a response is deemed required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21. The Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. Plaintiff Seawolf breached the Charter Party in multiple fundamental ways including but not limited to the tender of an utterly unseaworthy and unfit vessel, the result of

which was a series of breakdowns as the vessel limped around the world, causing extraordinary delays in the delivery of the cargo, all of which nullifies any obligation(s) on the part of the Laurel to the Plaintiff for freight, deviation costs, port expenses, or otherwise.

### THIRD AFFIRMATIVE DEFENSE

23. To the extent that Plaintiff suffered any loss or damage as alleged in the Verified Complaint, which loss or damage is denied, such loss or damage is offset and/or exceeded by the damages caused to Laurel resulting from Seawolf's multiple breaches of the Charter Party and as a consequence of this, no sums are due Seawolf.

Fourth Affirmative Defense

24. Under principles of estoppel, Seawolf is not entitled to any payments under the Charter Party.

Fifth Affirmative Defense

25. No sums are due to Seawolf as a consequence of a failure of consideration.

### COUNTERCLAIM AGAINST SEAWOLF

26. Pursuant to a contract of charter party dated November 20, 2019 (the "Charter Party"), Laurel voyage chartered the M/T RIDGEBURY PROGRESS (the "Vessel") from her disponent owner, Seawolf.

27. The performance contemplated by the Charter Party envisioned carriage of a cargo of crude and/or dirty petroleum products from the Caribbean/Bahamas to Singapore.

28. Seawolf warranted the condition of the Vessel pursuant to Part 2 Clause 1 of the Charter Party, as follows:

> Owners shall, before, at the commencement of, and throughout the voyage carried out hereunder, exercise due diligence to make and maintain the Vessel, her tanks,

5

531111.1

pumps, valves and pipelines tight, staunch, strong, in good order and condition, in every way fit for the voyage and fit to carry the cargo stated in Sections C and D of PART 1, with the Vessel's machinery, boilers and hull in a fully efficient state, and with a full complement of Master, officers and crew who are fully qualified (as evidenced by internationally recognised certification and, where applicable, endorsements), and are experienced and competent to serve in the capacity for which they are hired.  Owners undertake that the Vessel shall be operated in accordance with the recommendations set out in the 1996 Edition of ISGOTT, as amended from time to time

29. Seawolf breached this warranty, and thus the Charter Party, in that the Vessel was unseaworthy at the commencement of and throughout the subject voyage, during which the Vessel repeatedly broke down, roughly doubling the duration of the voyage.

30. As a consequence, Laurel suffered damages in the amount of $18 million, as nearly as can now be computed, based on the difference between the value of the cargo when it should have arrived and the value of the cargo when it eventually arrived, plus other costs and expenses incurred in mitigating Seawolf's breaches.

31. Despite due demand, Seawolf has not compensated Laurel for the damages it has suffered.

32. Seawolf is liable to the Defendant Laurel in the sum of $18 million, plus costs expenses and attorneys fees.

WHEREFORE, Laurel prays:

(i) that Seawolf's Verified Complaint be dismissed in its entirety;

(ii) that Laurel be awarded damages in the sum of $18 million;

(iii) that to the extent Seawolf is determined to be due any sum, that said sum be off-set by the sums due and owing from Seawolf to Laurel

    (iv)    that Laurel be awarded all costs, expenses, and attorneys' fees incurred in connection with this action, and such other, further, and different relief as may be appropriate under the circumstances.

Dated: New York, New York
August 19, 2020

                        FREEHILL HOGAN & MAHAR LLP
                        *Attorneys for Laurel Shipping LLC*

By:   /s/Peter J. Gutowski
      Peter J. Gutowski
      Yaakov U. Adler
      80 Pine Street, 25th Floor
      New York, New York 10005-1759
      (T): 212.425.1900 | (F): 212.425.1901
      gutowski@freehill.com
      adler@freehill.com

To:    Patrick F. Lennon, Esq.
       Kevin J. Lennon, Esq.
       Lennon Murphy & Phillips, LLC
       The GrayBar Building
       420 Lexington Avenue, Ste. 300
       New York, New York 10170
       (T): 212.490.6050 | (F): 212.490.6070
       plennon@lmplaw.net
       kjl@lmplaw.net

(*Via ECF*)

531111.1