USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Seawolf Tankers Inc.,

                          Plaintiff,

-against-

Laurel Shipping LLC,

                          Defendant.

1:20-cv-05198 (JHR) (SDA)
Member case:
1:20-cv-07246 (JHR) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Freepoint Commodities Singapore Pte Ltd. ("Freepoint Singapore") and Freepoint Commodities LLC ("Freepoint Commodities," and together with Freepoint Singapore, "Freepoint") to compel Seawolf Tankers Inc. ("Seawolf") to respond to certain expert-related discovery requests. (Freepoint 12/22/23 Ltr. Mot., 20-CV-05198, ECF No. 111.) For the reasons set forth below, Freepoint's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The consolidated cases before the Court involve the carriage of a cargo of fuel oil (the "Cargo") on the vessel M/T Ridgebury Progress (the "Vessel") on a voyage from the Caribbean to Singapore. *See Freepoint Commodities LLC v. Ridgebury Kilo LLC*, 632 F. Supp. 3d 549, 552 (S.D.N.Y. 2022). In the consolidated cases, Freepoint Singapore and its affiliate, Freepoint Commodities, have asserted a claim for damages against Seawolf (the time charterer of the Vessel) related to the allegedly late delivery of the Cargo. *See id*. at 553. Freepoint's damages are based, in part, on the decline in the Cargo's market price during the delay. (*See* Freepoint 12/22/23 Ltr. Mot. at 1.)

In support of its damages analysis, Freepoint submitted an initial expert report by Kevin Waguespack ("Waguespack"), dated August 11, 2023, that "provided [his] opinion on the loss in market value caused by the Cargo's significant delay." (*See* Waguespack Reply Expert Rpt., 20-CV-05198 ECF No. 111-1, ¶ 1.) In response, Seawolf submitted an expert disclosure on behalf of Elizabeth Bossley ("Bossley"), dated September 15, 2023. (*See* Seawolf Expert Disclosure, 20-CV-05198 ECF No. 111-2.) Seawolf's disclosure states that Bossley "has not testified in any U.S. cases in the past 4 years." (*See id*. ¶ 5.) Annexed as Exhibit A to Seawolf's expert disclosure is an expert report by Bossley. (*See* Seawolf Expert Disclosure at PDF pp. 4-87.) In her expert report, Bossley disagreed with the amount of Freepoint's damages claim, as well as the approach that Waguespack took. (*See* Bossley Expert Rpt. ¶¶ 4-22.)

On November 21, 2023, Bossley's deposition was held. (*See* Bossley Dep., 20-CV-05198 ECF No. 111-3.) Bossley stated that she had testified or been deposed in non-U.S. cases in the past four years. (*See id*. at 186.) Bossley stated that she acted as an expert and prepared a report on behalf of Vitol (a large oil trader) in the matter of *Rhine Shipping v. Vitol*, a UK Commercial Court case,[1] and that she had a copy of the report. (*See id*. at 186-87.) The Judgment of the High Court reflects that the trial in *Rhine Shipping*, at which Bossley testified, concerned Vitol's counterclaim, which was for damages based upon delay of the subject vessel in proceeding to one of the load ports. *See Rhine Shipping DMCC*, [2023] EWHC 1265 ¶¶ 1, 9, 140, 143.

Bossley also stated at her deposition in this case that she had been deposed or testified in other cases involving delays to fuel oil cargo. (*See* Bossley Dep. at 189-90.) She mentioned a

---

[1] *See Rhine Shipping DMCC v. Vitol SA*, [2023] EWHC 1265 (Comm), England and Wales High Court (Commercial Division) (available at https://perma.cc/T6R5-WCYC).

case involving OW Bunkers and a case involving TOTSA Total, and that she had documents about those cases on her "computer back at home." (*See id*. at 190.) Bossley also stated that she had testified, been deposed or prepared a report in a case involving marine fuel oil or gasoil in Minsk in 2017 or 2018, and that she had been involved in a case concerning the hedging of marine fuel oil or gasoil (*CPC vs. Standard Chartered*), in which she prepared a report and testified in or about 2017. (*See id*. at 190-91.)

Following Bossley's deposition, on the same day, Freepoint served a Request for Production of Expert Documents, seeking the following documents:

> 1. All reports prepared by Ms. Bossley in cases in which she was designated, appeared, or was involved as an expert and/or testified by deposition or at trial/arbitration concerning a claim involving a delay to a cargo of crude oil and/or refined petroleum products.
>
> 2. All reports prepared by Ms. Bossley in cases in which she was designated, appeared, or was involved as an expert and/or testified by deposition or at trial/arbitration concerning a claim involving pricing of crude oil or refined petroleum products.
>
> 3. All reports prepared by Ms. Bossley in cases in which she was designated, appeared, or was involved as an expert and/or testified by deposition or at trial/arbitration concerning hedging of crude oil or refined petroleum products.
>
> 4. All reports prepared by Ms. Bossley in cases in which she was designated, appeared, or was involved as an expert and/or testified by deposition or at trial/arbitration where Ms. Bossley constructed or supported a damages calculation that utilized contracts as a basis to establish valuations.
>
> 5. A copy of all reports prepared in the cases Ms. Bossley identified during her testimony, including, but not limited to, the *Rhine v. Vitol* case in 2023, the two matters she referred to in both 2021 and 2020, respectively, as well as the *TOTSA* matter, the *Minsk* matter, the *OW Bunkers* matter, the *CPC v. Standard Chartered* matter, and any other matters that she is able to identify from a review of her files, as discussed during her deposition.

(Expert Doc. Reqs., 20-CV-05198 ECF No. 111-4.) On December 6, 2023, Freepoint's counsel sent an email to Seawolf's counsel stating:

> To the extent not already covered by our requests served 11/21, please include in your production copies of any reports Ms. Bossley authored in connection with these matters as well as transcripts of any deposition or trial/hearing testimony she gave (to the extent Ms. Bossley gave testimony via witness statement, please include such documents in your response as well).

(12/6/23 Email, 20-CV-05198 ECF No. 111-5.)

On December 21, 2023, Seawolf served responses and objections to the request for production of expert documents. (*See* Seawolf 12/21/23 Resp., 20-CV-05198 ECF No. 111-6.) Seawolf objected to the production of documents from Bossley as "beyond the scope of what is required under Fed. R. Civ. P. Rule 26(a)(2)(B)" and "beyond the scope of the expert disclosures required in this litigation." (*See id*. at PDF pp. 2-5.) After an unsuccessful meet and confer on December 22, 2023, Freepoint filed the motion to compel that now is before the Court. (*See* Freepoint 12/22/23 Ltr. Mot.)

**LEGAL STANDARDS**

Rule 26 of the Federal Rules of Civil Procedure permits the parties to obtain discovery, including expert discovery, regarding any nonprivileged matter that is "relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments. "[T]he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." *Id*. It is within a Magistrate Judge's discretion to decide whether discovery requests are relevant and

4

proportional. *See Energizer Brands, LLC v. My Battery Supplier, LLC*, No. 19-CV-06486 (AMD) (CLP), 2021 WL 4972597, at *3 (E.D.N.Y. Oct. 26, 2021).

Rule 26(a)(2)(B) requires a witness who is "retained or specially employed to provide expert testimony in the case" to provide a written report containing "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). "The obvious purpose of providing lists of prior cases [under the Rule] is to enable opposing counsel to obtain prior testimony of the expert." *Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y. 1999). "Prior testimony of an expert can be critical to cross-examining the expert and attacking the expert's opinion." *Wierzbicki v. United States*, No. 11-CV-03021 (RAL), 2013 WL 4523582, at *3 (D.S.D. Aug. 27, 2013). "Indeed prior testimony may reveal whether the expert is genuine and properly following some scientific method with integrity or simply in the business of expressing whatever opinion is helpful to the party hiring the expert." *Id*.

The disclosure requirements of Rule 26(a)(2)(B) "provide only the floor—not the ceiling—of what is required." *Caskey v. Fenton*, No. 2:20-CV-01549 (KAJ), 2021 WL 247925, at *3 (S.D. Ohio Jan. 26, 2021) "The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order . . . that the parties disclose additional information without a discovery request." Fed. R. Civ. P. 26(a) Advisory Committee Notes to 1993 Amendments. "Nor are parties precluded from using traditional discovery methods to obtain further information regarding these matters, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B)." *Id*.

"The courts that have considered th[e] issue of whether [expert reports produced in prior cases] are discoverable have reached two different results." *Sherrod v. Williams*, No. 3:14-CV-00454 (WHR), 2018 WL 8805194, at *1 (S.D. Ohio July 6, 2018). "Some courts have held that the plain language of Rule 26(a)(2)(B)(v) requires only a list of prior cases." *Id*. (citing *Surles v. Air France*, No. 00-CV-05004 (RMB) (FM), 2001 WL 815522, at *7 (S.D.N.Y. 2001), *aff'd*, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001); *Cartier, Inc. v. Four Star Jewelry Creations, Inc*., No. 01-CV-11295 (CBM)., 2003 WL 22227959, at *3 (S.D.N.Y. Sept. 26, 2003)). "However, other courts have found that previous expert reports are discoverable if they are relevant to the general subject matter of the case and do not place an undue burden upon the individual from whom the information is sought." *Id*. (citing *Hussey v. State Farm Lloyds Ins. Co*., 216 F.R.D. 591, 594 (E.D. Tex. 2003)).

## DISCUSSION

The Court finds, in its discretion, applying principles of relevance and proportionality, that Freeport is entitled to production from Seawolf of some, but not all, of the documents it seeks. Specifically, the Court finds that Freeport is entitled to documents that are responsive to Request No. 1 of the Request for Production of Expert Documents (*i.e.*, reports in cases in which Bossley was designated, appeared, or was involved as an expert and/or testified by deposition or at trial/arbitration concerning a claim involving a delay to a cargo of crude oil and/or refined petroleum products), as well as copies of transcripts of her testimony and/or witness statements in such cases. The documents that the Court hereby is compelling Seawolf to produce involve similar factual circumstances to those presented in this case, and as such are appropriately

discoverable in this case. *See Sherrod*, 2018 WL 8805194, at *2 ("Plaintiffs' counsel in this case has requested only previous reports in cases that involve similar factual circumstances.").

Seawolf's position that Freepoint should subpoena these documents from Bossley, who is based in London, is not well founded. Rule 34 of the Federal Rules of Civil Procedure authorizes a party to request the production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party has control if it "has the legal right to obtain the document, even though in fact it has no copy." 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Fed. Practice & Procedure* § 2210 (3d ed. 2020) (footnote citing cases omitted). Thus, courts have held that a responding party must produce documents in the possession of its expert. *See, e.g., Raimey v. Wright Nat. Flood Ins. Co.*, 76 F. Supp. 3d 452, 470 (E.D.N.Y. 2014). Accordingly, Seawolf shall produce the documents referenced above that are in the possession of Bossley.[2] *See Sherrod*, 2018 WL 8805194, at *2 (ordering production of expert reports where "not readily available to Plaintiff's counsel," but "Defendants' counsel could provide th[e] reports with very little effort").

In reaching its determination in this case, the Court declines to follow the decision by the Magistrate Judge in *Surles*, which is relied upon by Seawolf (*see* Seawolf 12/28/23 Ltr. Response, 20-CV-05198 ECF No. 113, at 1-2), insofar as it concluded that "[b]y implication," Rule 26(a)(2)(B) "require[d] only the production of a *list* of the expert's cases," and not "disclosure of the reports in those cases, regardless of their subject matter." *See Surles*, 2001 WL 815522 at *7 (emphasis

---

[2] The Court declines to order that Bossley "obtain[] from . . . from counsel in [other] matters" documents that are not in her possession, as Freepoint suggests (*see* Freepoint 12/29/23 Reply, 20-CV-05198 ECF No. 115), because such documents are not under the control of Seawolf.

in original).³ Nothing in the Federal Rules of Civil Procedure prevents this Court from compelling the production of expert-related documents that are relevant and proportional to the needs of the case. *See Wagner v. Mr. Bults, Inc.*, No. 8:10-CV-03008 (TDT), 2010 WL 4781623, at *3 (D. Neb. Nov. 16, 2010) ("Clearly, [Rule 26(a)(2)(B)(v)] does not require disclosure of the reports sought by the plaintiff. Likewise, no other rule precludes the requested disclosure.").

## **CONCLUSION**

For the foregoing reasons, no later than January 16, 2024, Seawolf shall produce to Freeport documents within the possession of Bossley that are responsive to Request No. 1 of the Request for Production of Expert Documents (*i.e.*, reports in cases in which she was designated, appeared, or was involved as an expert and/or testified by deposition or at trial/arbitration concerning a claim involving a delay to a cargo of crude oil and/or refined petroleum products), as well as copies of transcripts of her testimony and/or witness statements in such cases. As needed, the foregoing documents may be produced pursuant to the terms of the Protective Order in this case (20-CV-05198 ECF No. 41). In addition, if it is Seawolf's position that any of the foregoing documents are "protected from production in this litigation by the order of a foreign court" (*see* Seawolf 12/28/23 Ltr. Response at 4), then in lieu of producing such documents, Seawolf shall file with the Court, no later than January 16, 2024, a copy of the foreign court order, and thereafter await further Order from this Court.

---

³ By extension, the Court also declines to follow the decision in *Cartier* to the extent that it relies upon *Surles*. *See Cartier*, 2003 WL 22227959 at *3. The Court notes, however, that the present case is distinguishable from *Cartier*, since the testimony and expert opinions that the Court is compelling to be disclosed are directly related to the issues about which Bossley provides opinions in this case, unlike in *Cartier*, where the prior expert reports sought were only "tangentially related" to one of the legal questions in the case. *See id*.

**SO ORDERED.**

Dated:        New York, New York
               December 30, 2023

                                                         _____
                                                         STEWART D. AARON
                                                         United States Magistrate Judge