UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Seawolf Tankers Inc.,

                Plaintiff,

-against-

Laurel Shipping LLC,

                Defendant.

1:20-cv-05198 (JHR) (SDA)
Member case:
1:20-cv-07246 (JHR) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a letter request by Seawolf Tankers Inc. ("Seawolf") for the Court to hold a certain portion of the Court's December 30, 2023 Order in abeyance until Seawolf's testifying expert can obtain consent of a non-party to disclose reports that the expert prepared in another action. (*See* Seawolf 1/16/24 Ltr., 20-CV-05198 ECF No.118; *see also* 12/30/23 Order, 10-CV-05198, ECF No. 116.)[1] For the reasons set forth below, Seawolf's request is DENIED.

## BACKGROUND

On December 30, 2023, this Court entered an Opinion and Order directing that, no later than January 16, 2024, Seawolf shall produce to Freepoint Commodities Singapore Pte Ltd. and Freepoint Commodities LLC (collectively, "Freepoint") reports within the possession of Seawolf's testifying expert, Elizabeth Bossley ("Bossley"), in cases in which Bossley was designated, appeared, or was involved as an expert and/or testified by deposition or at trial/arbitration

---

[1] Seawolf's letter also requested that the December 30, 2023 Order be held in abeyance until such time that any publicly available transcripts of the expert's testimony in another matter can be obtained. (*See* Seawolf 1/16/24 Ltr. at 3.) Thereafter, as described in the Background section below, Seawolf filed a transcript of the expert's testimony with the Court, thereby mooting that aspect of Seawolf's request.

concerning a claim involving a delay to a cargo of crude oil and/or refined petroleum products, as well as copies of transcripts of her testimony and/or witness statements in such cases. *See Seawolf Tankers Inc. v. Laurel Shipping LLC*, No. 20-CV-05198 (JHR) (SDA), 2023 WL 9022867, at*1 (S.D.N.Y. Dec. 30, 2023). The Opinion and Order provided that, "[a]s needed, the foregoing documents may be produced pursuant to the terms of the Protective Order in this case[.]" *Id*. at *4. It also provided that, if it was Seawolf's position that any of the documents were protected from production in this litigation by the order of a foreign court, as Seawolf had suggested might be the case, then in lieu of producing such documents, Seawolf was to file with the Court, no later than January 16, 2024, a copy of the foreign court order, and thereafter await further Order from this Court. *See id*.

On January 16, 2024, Seawolf filed the letter request now before the Court explaining that Bossley had in her possession two reports required to be produced under the December 30 Order that Bossley had prepared on behalf of Vitol S.A. ("Vitol") in connection with the matter *Rhine Shipping DMCC v. Vitol S.A.*, [2023] EWHC (Comm) (the "Vitol Reports"). (*See* Seawolf 1/16/24 Ltr. at 1.) The letter further explained that, although the Vitol Reports were not protected by any foreign court order, Bossley was "restrained" from disclosing such reports to any third party by an agreement she entered into with Vitol, and that Vitol did not consent to disclosure of the reports. (*See id*. at 1-2.) Thus, Seawolf requested "that the Court hold that portion of the Order requiring [] Bossley to disclose the Vitol Reports in abeyance, until such time that [] Bossley can obtain Vitol's consent to disclose" such reports. (*See id*. at 3.)

On January 17, 2024, the Court acknowledged Seawolf's January 16 letter and entered an Order providing that, "[i]f Vitol wishe[d] the Court to consider its proprietary or other interest in

2

the so-called Vitol Reports, then no later than Friday, 1/19/2024, Vitol shall cause to be filed to the ECF docket in this case (a) the publicly available transcripts of [] Bossley's testimony in the *Rhine* matter, or (b) a written representation that Vitol presently does not have copies of such transcripts in its possession, custody or control." (1/17/24 Order, 20-CV-05198 ECF No. 119.) On January 19, 2024, Seawolf filed a letter in accordance with the Court's January 17, 2024 Order, accompanied with portions of Bossley's relevant testimony from the *Rhine* matter, which transcript was provided by Vitol's solicitors in London. (Seawolf 1/19/24 Ltr., 20-CV-05198 ECF No. 120.)

On January 22, 2024, Freepoint filed a letter supplying its rationale why Seawolf was still in non-compliance with the Court's December 30, 2023 Order. (Freepoint 1/22/24 Ltr., 20-CV-05198 ECF No. 121.) Freepoint requested the Court to order Seawolf to comply with the Court's December 30, 2023 Order. (*Id.* at 3.)

**LEGAL STANDARDS**

A confidentiality or non-disclosure agreement does not create a privilege against discovery nor otherwise allow a party to eschew its discovery obligations. Courts routinely have held that parties are required to provide documents in discovery regardless of the existence of a confidentiality or nondisclosure agreement. *See Doe v. Benjamin Zaremski M.D., P.C.*, No. 21-CV-03187 (ER), 2022 WL 2966041, at *10 (S.D.N.Y. July 27, 2022) (collecting cases and stating "nondisclosure agreements do not preclude discovery in federal litigation"); *see also R.S. Logistical Sols., Ltd. v. Janus Glob. Operations LLC*, No. 21-CV-00178 (DCLC) (JEM), 2022 WL 3702083, at *4 (E.D. Tenn. Aug. 26, 2022) ("confidentiality restrictions in contracts do not override the Federal Rules of Civil Procedure"). In order to maintain the confidentiality of

3

information that is subject to a confidentiality or nondisclosure agreement, a protective order can be used. *See Zaremski*, 2022 WL 2966041, at *10.

## DISCUSSION

Applying the relevant legal standards, the Court finds that the agreement that Bossley entered into with Vitol is not a valid basis for Bossley to refuse to produce the Vitol Reports in this action, pursuant to the December 30, 2023 Order. Bossley is a testifying expert on behalf of Seawolf and, as such, owes discovery obligations on behalf of Seawolf. Bossley cannot avoid those obligations based upon a nondisclosure agreement she entered into with Vitol, which is not a party to this action.

Notwithstanding the foregoing, the Court recognizes Vitol's contractual rights and its interest in keeping the Vitol Reports confidential. Accordingly, the Vitol Reports shall be produced with the designation "For Attorneys' or Experts' Eyes Only," pursuant to the provisions of the Confidentiality Stipulation and Protective Order (the "Protective Order") in this action. (*See* Prot. Order, 20-CV-05198 ECF No. 41.) Moreover, if there comes a time when Freepoint seeks to make public any portion of the Vitol Reports that are not already in the public domain, in addition to following the provisions of the Protective Order, Freepoint shall provide seven days advance notice to the solicitors acting on behalf of Vitol. (*See* Seawolf 1/19/24 Ltr., 20-cv-05198 ECF No. 120-1.)

## CONCLUSION

For the foregoing reasons, no later than Friday, January 26, 2024, Seawolf shall produce the Vitol Reports to Freepoint, subject to the restrictions set forth herein.

**SO ORDERED.**

Dated: New York, New York
January 23, 2024

_____
STEWART D. AARON
United States Magistrate Judge